IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES ADAM SOUTHERN,
individually and as the parent and
next-friend of A.K.S., an infant
under the age of 18 years,

     Plaintiffs,

v.                             Civil Action No. 1:15CV171
                                         (STAMP)

THE MARION COUNTY COAL COMPANY,
a West Virginia corporation,
MURRAY AMERICAN ENERGY, INC.,
a Delaware corporation,
CONSOL ENERGY, INC.,
a Delaware corporation,
CONSOLIDATION COAL COMPANY,
a Delaware corporation, and
JOHN DOE CORPORATION,
a not yet known corporate entity,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

Charles Adam Southern ("Southern") filed this workplace injury case in the Circuit Court for Marion County, West Virginia. The defendants removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332. Southern is a citizen of West Virginia, and the defendants are all incorporated in Delaware and have their principal places of business in Ohio or Pennsylvania. Southern filed a motion to remand, arguing that defendant, The Marion County Coal Company ("Marion"), is also a citizen of West Virginia and thus breaks complete diversity. The dispute revolves

around whether Marion's principal place of business is located in Mannington, West Virginia or St. Clairsville, Ohio.[1]

## I. Background

Southern worked as a foreman for Marion at its Loveridge #22 Mine. He entered the mine to replace the battery for a "650 scoop," a large mining vehicle that has a bulldozer-like scoop on its front. The battery was placed on top of the 650 scoop. Suddenly, the other end of the 650 scoop fell into a pit. Southern stumbled and grabbed the battery for stability. Unfortunately, the end of the scoop on which the battery was sitting was forced upwards against the mine roof, crushing Southern's hands. He filed this action in the Circuit Court of Marion County, West Virginia, alleging claims for deliberate intent under West Virginia Code § 23-4-2(d)(2)(ii), negligence, strict liability, and strict products liability. The defendants removed the case to this Court, and Southern filed this motion to remand.

In support of removal, the defendants allege that Southern is a citizen of West Virginia; that all defendants are incorporated in Delaware; that Marion, Murray American Energy, Inc., and Consolidation Coal Company have their principal places of business in St. Clairsville, Ohio; and that Consol Energy, Inc. has its

---

[1]This Court notes that in their briefs, the parties spelled out "Saint." However, the City of St. Clairsville's official name abbreviates "Saint," and this Court will refer to it as "St. Clairsville." See City of St. Clairsville, Ohio, http://www.stclairsville.com/ (last visited Nov. 10, 2015).

principal place of business in Canonsburg, Pennsylvania.  Further,
the defendants allege that, based on Southern's serious injuries,
emotional trauma, lost wages, and lost earning capacity, the amount
in controversy likely exceeds $75,000.00.

In his motion to remand, Southern argues that there is not
complete diversity because Marion's principal place of business is
in Mannington, West Virginia rather than St. Clairsville, Ohio as
it alleges.  He relies on an unrelated complaint Marion filed in
2014, wherein Marion alleged that its principal place of business
was in Mannington.  Southern argues that Marion's principal place
of business is still in Mannington and that Marion should be
judicially estopped from claiming otherwise.  In response, Marion
argues that the prior filing was erroneous and inconsequential to
the litigation.  It further offers an affidavit from a corporate
executive stating that Marion's principal place of business is in
St. Clairsville.

## II.  <u>Applicable Law</u>

A defendant may remove a case from state court to a federal
court with original jurisdiction.  28 U.S.C. § 1441.  Under 28
U.S.C. § 1332(a), district courts have original jurisdiction where
the dispute is between citizens of different states and the amount
in controversy exceeds $75,000.00.  The parties must be completely
diverse, meaning that "the citizenship of each plaintiff must be
different from the citizenship of each defendant."  <u>Hoschar v.</u>

*Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## III. Discussion

Southern argues that Marion is a citizen of West Virginia and, thus, breaks complete diversity. Southern does not challenge the alleged citizenship of any other defendant, and only challenges the location of Marion's principal place of business.

A corporation is "deemed to be a citizen of every State . . . [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's principal place of business is its "nerve center." *Hoschar*, 739 F.3d at 170 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81(2010)). The nerve center is "the place where the corporation's high level officers direct, control, and coordinate

4

the corporation's activities." <u>Hertz</u>, 559 U.S. at 80-81. While the nerve center will typically be "where the corporation maintains its headquarters," it must be the place where corporate officers make significant corporate decisions and set corporate policy. <u>Id.</u> at 93; <u>see also</u> <u>Hoschar</u>, 739 F.3d at 172 ("We conclude that if a corporation's day-to-day operations are managed in one state, while its officers make significant corporate decisions and set corporate policy in another, the principal place of business is the latter.").

In support of removal, Marion supplied an affidavit from Paul B. Piccolini ("Piccolini"), Marion's Vice President, stated that Marion "has always had its corporate headquarters . . . in St. Clairsville." ECF No. 14 Ex. 2 at 1. Marion's Chief Executive Officer, Vice Presidents, and Secretary maintain their primary offices in the St. Clairsville headquarters. All corporate records are kept at the headquarters, and all accounts payable are managed there. Further, Piccolini stated that Marion's "high level officers have always directed, controlled, and coordinated [its] business operations from [its] corporate headquarters." ECF No. 14 Ex. 2 at 2. Thus, Piccolini's affidavit demonstrates that Marion's headquarters is located in St. Clairsville and that its corporate officers make significant corporate decisions and set corporate policy there.

Southern argues that Marion's assertion that its principal place of business is in St. Clairsville is inconsistent with prior assertions it made to this Court in a separate case. Marion filed an unrelated complaint with this Court in March 2014, in which it alleged that its principal place of business was in Mannington, West Virginia. Southern argues that Marion is attempting to manipulate this Court into exercising jurisdiction and that Marion should be estopped from claiming that its principal place of business is in St. Clairsville.

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (internal quotation marks omitted). The doctrine applies only if: (1) the party sought to be estopped [is] . . . seeking to adopt a position that is inconsistent with a stance taken in prior litigation"; (2) "the prior inconsistent position [was] . . . accepted by the court"; and (3) "the party against whom judicial estoppel is to be applied . . . intentionally misled the court to gain unfair advantage." Zinkand v. Brown, 478 F.3d 634, 683 (4th Cir. 2007) (internal quotation marks omitted). Further, the inconsistent position must be factual rather than legal and the

"bad faith requirement is the determinative factor." Id. (internal quotation marks omitted).

Here, Marion presented an affidavit from Jacob A. Manning, who helped prepare the 2014 complaint for Marion. Manning stated that a month after filing the complaint, he realized that Marion's principal place of business was actually in St. Clairsville. So, he amended the complaint to omit any reference to Marion's principal place of business. Accordingly, Marion did not intentionally mislead this Court into believing that its principal place of business was in Mannington. Nor did Marion actually adopt that position, as it amended its complaint to withdraw the principal place of business assertion. Further, that assertion was not adopted by this Court because jurisdiction in that case was based on a federal question, and the parties' citizenship was inconsequential. See ECF No. 14 Ex. 3 at 2-3; 5:14cv39, ECF No. 1 at 2-3. Therefore, Marion is not judicially estopped from claiming that its principal place of business is in St. Clairsville.

Accordingly, this Court finds that Marion has proven that its principal place of business is located in St. Clairsville, Ohio. As such, complete diversity exists and this Court has original jurisdiction over this case.

## IV.  Conclusion

The Marion County Coal Company has sufficiently proven subject matter jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, Charles Adam Southern's motion to remand (ECF No. 11) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   November 10, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE